WALTON v. COX.

MISTAKE.—*Administrator's Sale of Land to pay Debts.*—A misdescription in the petition, decree and deed, of lands sold by an administrator to pay debts, can not be reformed.

COVENANT.—*Answer.—Eviction.—Notice.*—In an action by the grantee, against his grantor, for a breach of the covenants contained in a deed, wherein the complaint alleged the eviction of the grantee, by the holder of the paramount title, in an action to which it was alleged that the grantor was a party, it was competent for the latter, in his answer, to deny that he was either a party to, or had any notice of, such action, and thus rightfully put upon the grantee the burden of proving the judgment of eviction to have been right.

SAME.—*Failure to Notify Grantor.*—Where, in such a suit for eviction, to which the grantor is not a party, the grantee neither notifies his grantor, nor avails himself of a valid defence which the grantor might have made to the action, such defence may be set up by the grantor as a defence to an action by the grantee on the covenants.

SAME.—*Administrator's Sale.—Misdescription.—Remedy of Occupying Claimant.—Partition.—Heirs.*—In an action by a grantee, against his grantor, for a breach of the covenant of warranty in a deed, wherein the complaint alleged the eviction of the grantee by a decree rendered in favor of the holder of the paramount title, in an action against both the grantor and grantee and others, the defendant answered alleging that the land in question had formerly been owned in fee-simple by one who, while seized thereof, had died intestate; that his administrator had petitioned for, and obtained, a decree to sell said land to pay debts, and had accordingly sold, conveyed and delivered possession of the same to the defendant's grantor; that, in making such sale, the land in question had been pointed out to the purchaser, by the administrator; that, by mistake, the land had been misdescribed in the petition, decree, report of sale and conveyance, so as to describe a tract never owned by the intestate; that such purchaser, after making valuable improvements thereon, had sold and conveyed the same to the defendant, and he to the plaintiff, both deeds following such misdescription; that the alleged holder of the paramount title obtained his title solely by virtue of a decree of partition of the lands of such intestate among parties claiming as heirs of such intestate, or their grantees; and that, in the action resulting in the eviction of the plaintiff, the latter had allowed judgment to go by default, and had given no notice of that action to this defendant, who was not a party thereto, nor to such suit for partition.

*Held,* on demurrer, that the answer is sufficient.

*Held,* also, that, under section 625, 2 R. S. 1876, p. 257, such alleged para-

mount holder could not, upon a proper defence, have recovered, until he had repaid the purchase-money received by the administrator, with interest, and that this plaintiff, because he had failed to defend or to notify this defendant, can not recover.

From the Jennings Circuit Court.

*T. C. Batchelor, S. Claypool, H. C. Newcomb* and *W. A. Ketcham*, for appellant.

*J. Overmyer*, for appellee.

WORDEN, J.—This was an action by the appellee, against the appellant.

Judgment for the plaintiff below.

The only error complained of is the sustaining of a demurrer for want of sufficient facts to the amended fifth paragraph of answer.

In order to a proper understanding of the paragraph of answer mentioned, it will be necessary to state the substance of the complaint.

The complaint alleged, " that on the 25th day of October, 1870, the defendant, by his deed of conveyance, signed by himself and his wife, Jane A. Walton, a copy of which is filed herewith, conveyed and warranted to the plaintiff the lands therein described; that the defendant had not, at the time of making said conveyance, any title whatever in the lands in said deed described, nor has he at any time since acquired any title whatever to said lands; that plaintiff has never been in possession of said lands, nor enjoyed any benefit therefrom whatever; that said defendant intended, by said conveyance, to convey to the plaintiff the following described lands in said county and State, to wit:" (Here certain lands are described.) " That it was supposed, at the time of said conveyance, by both plaintiff and defendant, that the tract last above described was covered by said conveyance; that, upon the execution of said conveyance, the defendant put the plaintiff in possession of the last above described tract; that,

since said conveyance was made, the plaintiff has paid to the defendant, on the purchase price agreed to be paid for said conveyance, the following sums of money, at the dates named." (Here follows a statement of the payments, amounting to $921.90, without the interest.) "That, at the time of said conveyance, the defendant had no title whatever to said last mentioned tract, intended to be conveyed, nor has he at any time since then acquired any title thereto; that on the —— day of October, 1875, Jane Dixon and William H. Lawrence, to whom [said last mentioned tract was assigned in a partition suit among the heirs of Joshua H. Shepherd, deceased, in two several actions in the Jennings Circuit Court, to which said defendant was a party, obtained judgments against said plaintiff for the possession of the lands covered by the description of said last mentioned tract, which said defendant intended to convey to plaintiff, and of which defendant put plaintiff in possession; that said judgments, evicting the defendant [plaintiff] from all the lands included in said last mentioned tract, and for which plaintiff paid defendant the sums of money above set forth, still remain in full force and effect; that in view of said judgments of said Dixon and Lawrence, evicting him from said lands, and in view of the paramount title of said Dixon and Lawrence, plaintiff, before the bringing of this suit, in order to save further costs, abandoned said lands and relinquished the possession thereof to said Dixon and Lawrence, who were then and there about to take out writs of restitution therefor. Wherefore the plaintiff says there has been and is a breach of the warranty contained in said deed," etc.

The paragraph of answer in question is as follows:

"And, for amended 5th paragraph of answer to the complaint herein, this defendant says that the lands described in the plaintiff's complaint, as being the lands sold by defendant to plaintiff, and intended to be conveyed by

Walton *v.* Cox.

the said deed, formerly belonged to one Joshua H. Shepherd, who departed this life on the 27th day of November, 1863, intestate, and seized in fee-simple of said lands ; and one John R. Shepherd was duly and legally appointed administrator of his estate, on the 19th day of December, 1863, by the common pleas court of said county ; that on the 31st day of March, 1864, said administrator filed in said court his petition to sell a portion of the real estate of said deceased ; that in said petition, by mistake of the scrivener who drew the same, the word 'north' was written instead of the word 'south,' in describing the quarter section in which said real estate was situated ; that is to say, the description meant to be written in said petition was as follows :" (Here follows the description.) "Being the identical lands sold and intended to be conveyed by the defendant to the plaintiff, as alleged in the complaint ; whereas, by mistake of said scrivener, the description in said petition was actually as follows :" (Here follows another description.) "Which said description describes no land whatever that said Joshua H. Shepherd ever owned, and describes no land whatever, for the reason that said creek" (mentioned in the description) "does not now nor ever did run or meander in said north-west quarter at all ; that it was well known to all the world that said creek ran through the said south-west quarter and made a meander therein that suits the said description in said south-west quarter of said section 15, as above alleged, and in no other quarter section lying on, near or along said creek would said description describe any land whatever ; that, upon said petition and all the papers in said cause containing descriptions of said land, as well as in the order of said common pleas court directing the sale thereof, the same mistake was made, with which exceptions all the proceedings by said administrator and by said court in said cause were regular ; that at the February term of said common

pleas court, 1866, said petition came on to be heard, after due and legal notice of the pendency thereof had been given according to law, and said court ordered the lands of said decedent to be sold at public sale by the administrator, and in the order the mistake in the description thereof was made as aforesaid; that thereupon said administrator proceeded to give due and legal notice of said sale, and in good faith supposed he was selling the lands of said decedent as the same should have been described in said petition as above set out, and pointed out said land at the time of said sale to all persons desirous of purchasing the same, and took one Dudley Wells upon said lands of said decedent and pointed out to said Wells the lands he was selling, which said lands, so pointed out by said administrator to said Wells, were the same lands sold and meant to be conveyed by defendant to plaintiff by the deed, a copy of which is filed with the complaint; and then and there, the same being the 10th day of March, 1866, the said administrator sold at public auction, after having given due and legal notice of said sale, in accordance with the order of said court in all respects, to said Dudley Wells, for the sum of eight hundred and eighty-five dollars, the lands so pointed out to him by said administrator as aforesaid, supposing the said lands were correctly described in all the proceedings had in said court upon said petition of said administrator filed as aforesaid; and said Dudley Wells supposed that he was purchasing said lands, and he and the said administrator were ignorant of the fact that a mistake had been made in the description thereof; that at the June term, 1866, of said common pleas court, said administrator reported said sale, and the same was by the court approved, and said administrator ordered to make a deed, which he did, and which was approved by the court, and the said administrator placed the said Wells in possession of said lands, as the same should have been properly described; that into said report of sale and into

said deed, the misdescription occurring in said petition was carried by the scrivener who drew the same, the said administrator and the said Wells being ignorant of the fact that said mistake had been made; that said Dudley Wells, having been placed in possession of said lands as aforesaid, made valuable and lasting improvements thereon, of the value of five hundred dollars, and on the 29th day of October, 1869, sold the same to this defendant for one thousand dollars, and placed him in the possession thereof, and meant to convey the same to this defendant, but misdescribed the same, following the description of his deed from said administrator; that this defendant remained in the possession of said land until the 25th day of October, 1870, when he sold the same to the plaintiff, and executed the deed, a copy of which is filed with the complaint, but the scrivener who drew the same, copying from the deed of said administrator to said Wells, followed the said mistake in said deed; that said Dudley Wells is now, and for a long time has been, wholly insolvent and unable to pay his debts; that the said sum of eight hundred and eighty-five dollars, paid for said lands by said Wells to said administrator, was used by said administrator in paying the debts of said deceased and the costs of the administration, to the extent of said debts and costs, and the balance was distributed among the heirs of said decedent; that one John H. Shepherd, the son and one of the heirs at law of said Joshua H. Shepherd, sold and conveyed his interest in the real estate of said decedent to one Amos R. Shepherd, on the —— day of ——, 1873, who, on the —— day of ——, 1873, conveyed said interest to one William H. Lawrence, mentioned in the complaint; and by virtue of said purchase and a subsequent partition of the alleged lands of said decedent, made and had upon the complaint of said Lawrence at the May term, 1875, of this court, and by no other right or title whatever, said Lawrence

claims title to the said lands of which the plaintiff alleges he was ousted by said Lawrence; that one Jane Shepherd, daughter of said decedent and heir at law likewise, intermarried with one Dixon, and she is the same person who, the plaintiff alleges, ousted him from a portion of the lands sold and intended to be conveyed by defendant to plaintiff; that she claimed said land by virtue of her interest as heir at law of said Joshua H. Shepherd, and a partition of the lands of said Joshua H. Shepherd, and by no other right or title whatever; that said Cox, when sued by said Lawrence (who is the father-in-law of said Cox) and by said Dixon, wholly failed to set up the foregoing facts or to ask any relief in consequence thereof, and wholly failed and refused to file his complaint as occupying claimant against said Lawrence and said Dixon, and permitted said cases to go by default; that one year has not expired since the time plaintiff alleges he was evicted; that all the foregoing facts alleged in this paragraph of answer were, at the time of the occurrence of each, and ever since have been, well known to the defendant, and to said Amos R. Shepherd, John H. Shepherd, William H. Lawrence and Jane Dixon, all of whom were present at the time of the sale of said lands by said administrator to Dudley Wells, and at the time the said Dudley Wells was placed in the possession of said lands by said administrator, and have ever since, until the ———— day of ————, 1874, acquiesced in the possession of said lands sold and intended to be conveyed by said administrator as aforesaid, by said Dudley Wells, and by this defendant and by the plaintiff as aforesaid; that plaintiff gave defendant no notice whatever of the pendency of said actions against plaintiff by said Lawrence and said Dixon, in which action plaintiff claims he was ousted, nor was defendant a party thereto, nor was he a party to said partition of the lands of said Joshua H. Shepherd, or in any

other proceedings had in any court in relation to said lands. Wherefore," etc.

It is plain from the allegations of the complaint and the paragraph of answer above set out, that the plaintiff bought, and the defendant sold to him, the land from which he was evicted; but, by a mutual mistake, the land was misdescribed in the deed from the defendant to the plaintiff, as it had been in the proceedings of the administrator and the deed from him to Wells, and in that from Wells to the defendant. The deed from the defendant to the plaintiff might have been reformed so as to describe the land actually sold and intended to be conveyed; and, for the purposes of the decision of the question involved, it may be regarded as reformed, or as having truly described the land sold.

But it would seem that the record of the proceedings of the administrator can not be reformed, and the mistake in the description of the land, running through those proceedings, corrected. See *Angle* v. *Speer*, 66 Ind. 488.

It does not, however, follow, that because the mistake in the administrator's proceeding can not be corrected, the paragraph of answer does not state a good defence to the action. On the contrary, we are of opinion that it does.

The complaint alleges, to be sure, that the defendant was a party to the actions brought by Jane Dixon and William H. Lawrence, against the plaintiff, for the recovery of the land. But the answer in question alleges that the plaintiff gave the defendant no notice whatever of the pendency of said actions, and that the defendant was not a party thereto, nor was he a party to the partition proceedings, nor in any other proceedings had in any court in relation to said lands. These allegations of the answer are repugnant to the allegation mentioned of the complaint, and are admitted by the demurrer to be true, and must be so regarded in determining the sufficiency of the answer.

The plaintiff not having given the defendant notice of the pendency of the actions of Dixon and Lawrence to recover the land, and the defendant not having been a party to those actions, the plaintiff is not relieved of the necessity of showing that Dixon and Lawrence rightfully recovered upon a paramount title. Rawle Covenants for Title, 4th ed , pages 18 to 30.

The question arises, then, whether, upon the facts stated in the answer, Dixon and Lawrence rightfully recovered the land.

There can be no doubt that the land sold by the defendant to the plaintiff, and intended to be conveyed, was the land really sold by the administrator to Wells, and by Wells to the defendant, the mistake being, not in the identity, but in the description, thereof.

We pass over the question as to the effect of the receipt, by the heirs of Joshua H. Shepherd, of the residue of the purchase-money arising from the sale of the land by the administrator, after payment of the debts and expenses. See, upon this point, Rorer Judicial Sales, 2d ed., sec. 469.

We have a statute on the subject of occupying claimants, which is entirely applicable to the case before us, and decisive of the rights of the parties. By that statute, it is provided that "Whenever any land sold by an executor, administrator, guardian, sheriff or administrator of court, is afterwards recovered in the proper action by any person originally liable, or in whose hands the land would be liable to pay the demand or judgment for which, or for whose benefit the land was sold, or any one claiming under such person, the plaintiff shall not be entitled to the possession of the land until he has refunded the purchase-money, with interest, deducting therefrom the value of the use, rents and profits, and injury done by waste and cultivation, to be assessed under the provisions of this act." 2 R. S. 1876, p. 257, sec. 625.

Walton *v.* Cox.

The case before us comes within the spirit and letter of the above statute. The land in question was sold by the administrator, though misdescribed ; and it was liable in the hands of his heirs for the debts of the decedent.

If the proper steps had been taken by the plaintiff, Dixon and Lawrence could not have recovered the land from him without refunding to him the $885 and the interest thereon, for which the land was sold by the administrator, subject to the deductions mentioned in the statute. The plaintiff was entitled to this money, as he had acquired the rights of Wells, the original purchaser from the administrator.

As the plaintiff did not notify the defendant of the pendency of the suits brought against him for the recovery of the land, and as the defendant was not a party thereto, it was clearly the duty of the plaintiff to have brought forward his claim for the refunding of the purchase-money paid by Wells to the administrator, before being ejected from the land ; and, having failed to do so, he can not now recover the amount of the purchase-money paid by him to the defendant.

The amount of $885, with interest up to the time of the eviction, is a considerably larger sum than the amount claimed in the complaint to have been paid by the plaintiff to the defendant upon the land, with interest up to the time of bringing this action.

For these reasons, we are of opinion that the court below erred in sustaining the demurrer to the paragraph of answer.

The judgment below is reversed, with costs, and the cause remanded for further proceedings in accordance with this opinion.