No. 8410.

RAY v. DETCHON ET AL.

SHERIFF'S SALE.—Deed.—Misdescription.—Color of Title.—Subrogation.—Conveyance.—Where land sold at sheriff's sale, upon execution, is misdescribed in the levy, return and notice, or, on foreclosure of a mortgage, where the decree is void for want of notice, and the land is misdescribed in the decree and sheriff's deed, the purchaser receiving a sheriff's deed nevertheless takes color of title, which he can convey, and the right of subrogation to the rights of the judgment or mortgage creditors passes to his grantees.

Ray *v.* Detchon *et al.*

ASSIGNMENT OF ERROR.—*Supreme Court.*—*Practice.*—That the court erred in rendering the judgment set out in the record, as an assignment of error, is too vague to raise any question in the Supreme Court.

From the Montgomery Circuit Court.

*E. C. Snyder, G. D. Hurley* and *B. Crane,* for appellant.

*G. W. Paul,* for appellees.

BICKNELL, C. C.—This was a suit by the appellees against the appellant and others, to quiet title to land and to procure a subrogation of the appellees to the rights of a prior mortgagee of the land, as against the appellant, who was the son and only heir of the mortgagor.

John Ray owned and occupied land in Montgomery county, Indiana; he went to Illinois in 1868, and has never been heard of since; his wife obtained a divorce and married again. The appellant, his son and heir, is now nearly of age, and claims the land, and threatens to sue for it. John Ray had mortgaged the land to secure two notes given by him for the purchase-money; these notes and the mortgage had been assigned to Levi Curtis.

About the time Ray went away, his creditors, Stephen Jones and fourteen others, commenced separate proceedings against him by attachment, and they all obtained judgments. The attachment proceedings were invalid, but the judgments were good, because the summons was personally served, in each case, by copy left at Ray's last usual place of residence. Upon the judgments executions were issued, and Stephen Jones bought the land at the execution sale, and the money he paid was distributed among the execution creditors *pro rata.* In these proceedings the land was misdescribed in the levy, the return and the advertisement, but the intention was to sell and to buy Ray's land.

In such a case, a purchaser who gets a deed from the sheriff has color of title, whether the sheriff had authority to sell or not, and the rights of the purchaser pass to his assigns. 2 R. S. 1876, p. 257, section 621. And whenever land so sold

is recovered by any person originally liable, or in whose hands the land would be liable for the debt, the plaintiff shall not be entitled to the possession of the land until he has refunded the purchase-money with interest. 2 R. S. 1876, p. 257, section 625; and see *Walton* v. *Cox*, 67 Ind. 164.

Curtis, the holder of the notes and mortgage, was the father of John Ray's wife, but he made no objection to the attachment proceedings; his mortgage, although recorded, was defectively acknowledged, and, probably, was supposed to have lost its priority, but it was a valid mortgage, and by virtue thereof Curtis redeemed the land from Jones, and paid him $1,608 redemption money. He then foreclosed his mortgage and in the same suit obtained a decree for the sale of the land to satisfy the mortgage and to repay him the redemption money. This foreclosure suit was commenced by publication, and the notice by publication was void for want of a sufficient affidavit, and the land was misdescribed in the decree. The mortgage, however was a part of the complaint, so that the entire record contained a good description. See *Burton* v. *Ferguson*, 69 Ind. 486. The court, however, had no jurisdiction over the person of John Ray, and the foreclosure decree was therefore void, and the sheriff's sale was void, but that sale occurred on the 21st day of August, 1869, and no suit has been brought to recover the land. 2 R. S. 1876, p. 123, section 211, clause 3; *Brown* v. *Maher*, 68 Ind. 14. And undoubtedly, as we have already seen, the purchaser at such a void sale would have color of title, and all his rights would pass to his assignee.

At the foreclosure sale, Stephen Jones became the purchaser, for $4,155.73, which paid Curtis his mortgage money and also his redemption money, and the sheriff made Jones a deed dated August 21st, 1870, containing the same misdescription as the decree. In January, 1872, Jones, being in possession of the land, conveyed the same by warranty deed to James M. Plunkett and John W. Plunkett, by the same misdescription, and put them in possession. The Plunketts and their wives, in February, 1875, conveyed the lands by the same misde-

.scription to Stephen Jones, who was to hold thirteen and three-fourths acres of it, south of the State road, until John W. Plunkett should pay him for it, and was to convey the remaining 130 acres, north of said road, to Stow S. Detchon, who had bought it from the Plunketts.   Jones did convey to Detchon said 130 acres, in April, 1875, and Detchon took possession and has made permanent improvements of the value of $3,000.  John W. Plunkett paid Jones in full for the thirteen and three-fourths acres south of the State road, and has made permanent improvements thereon of the value of $2,000, and the Plunketts and Jones have had possession since August 21st, 1869.   The complaint of the appellees stated the foregoing facts.  It was in two paragraphs, differing only in this, substantially, to wit, that the first paragraph prayed that the appellees' title might be quieted, or that the mortgage might be foreclosed, etc., while the second admitted that Curtis's foreclosure proceedings did not pass the title, and prayed that the appellees might be subrogated to the rights of Curtis, and that the land might be sold to pay them the mortgage debt and the redemption money.

There was no demurrer to the complaint, but the first two errors assigned by the appellant question the sufficiency of each of the said paragraphs—as both paragraphs pray for subrogation.   If they are good for that relief, the prayer for quieting the title is not material.   In *Muir* v. *Berkshire*, 52 Ind. 149, BIDDLE, C. J., giving the opinion of the court, says, after stating the general rules upon subrogation :  " But while this is the rule generally, we think that a person who has paid a debt under a colorable obligation to do so, that he may protect his own claim, should be subrogated to the rights of the creditor."   And again :  " Although the deed of Holman did not convey a good title to James Muir, yet it conveyed all the interest Holman had in the land at the time ; and that interest was the right to foreclose the mortgage against it and have the mortgage debt paid out of the proceeds.  We think, therefore, that the deed operated as an equitable assignment of the

mortgage." See also *Robinson* v. *Ryan*, 25 N. Y. 320; *Brobst* v. *Brock*, 10 Wal. 519; *Jackson* v. *Bowen*, 7 Cowen, 13; *Josselyn* v. *Edwards*, 57 Ind. 212; *Hoffman* v. *Risk*, 58 Ind. 113. Under the authority of these cases each paragraph of the complaint is sufficient.

The appellant, by his guardian *ad litem*, answered in four paragraphs:

1st. In denial.

2d. That he is the only son and heir of John Ray, who left his home in 1868, and has been absent, unheard-of, ever since, and that appellant is the owner of the land in controversy.

3d. As to the first paragraph of the complaint, this defence contains the same allegations as the second defence, with the further averments that appellant owns said land subject to said mortgage; that the appellees and their grantor, Stephen Jones, have had possession since 1869; that since that time the rents and profits of the 13¾ acre tract have been worth $250 a year, and of the 130 acre tract $500 a year, and that $1,500 worth of timber has been taken from said land by the appellees and said Jones, and that said land has been injured "by protracted and exhaustive cultivation $2,000;" and he prays that these matters may be taken into account, and that he may have a year's time to pay any balance which may be decreed against him, and that on payment of such balance he may have a writ of possession for the land, and all proper relief.

4th. As to the second paragraph of the complaint, this defence contains all the allegations of the third defence, except that instead of averring that Emerson Ray owns the land, "subject to said mortgage," it avers that he owns it "subject to certain liens."

The appellees replied in denial of each of the special defences.

The appellant filed a fifth paragraph of answer to the entire complaint, which fifth paragraph contains all the averments of the second paragraph of answer, and that Curtis was the owner of the notes and mortgage, and as such had pos-

·session of the land until Jones took it, and that Jones, when he took it, was equitable owner of said notes and mortgage, ·and held possession as such until the appellants and James M. Plunkett took the land, and that the appellees hold the land .as equitable owners of said notes and mortgage, and that such possession has been and is a possession of mortgagees only, without any other claim or right; that when Curtis took pos-·session there was due upon said notes and mortgage $1,763.80, and that said notes bore interest at 6 per cent.; that the rents and profits of said land, during the entire possession aforesaid, were worth $6,000; that the appellee Detchon committed waste by removing from said land a dwelling-house worth $500, and that all of said parties, when they took possession as aforesaid, had notice of the defect in their title; that the permanent improvements of the appellees were not made in the belief that they owned the land, and were not judicious or proper improvements. Wherefore the appellant asks for an accounting, and that said rents and profits may be applied in payment of the mortgage debt, and that appellant may have judgment for the balance, and for all waste, and for posses-·sion and all proper relief.

The appellees moved to strike out parts of said fifth paragraph of answer, and said motion was overruled by the court, ·to which ruling the appellees excepted. The appellees then filed a reply in denial of said fifth paragraph. The issues thus joined were submitted to the court for trial, and the court found for the appellees, substantially in accordance with the .prayer of the complaint, that the appellees should be credited ·with $10,094.48, and charged with $4,802.50, leaving a balance in their favor of $5,291.93, which was a lien on the lands in controversy, and that John Ray was dead and Emerson Ray was his only heir. The court rendered judgment upon ·the finding, for the sale of the lands by the sheriff to pay first the costs of this suit, and then the appellees, and that the surplus should be paid to Emerson Ray, the appellant.

The appellant moved for a new trial; the court overruled

the motion, and the appellant excepted. The appellant then moved to modify the judgment; this motion was overruled, and the appellant excepted. The appellant then submitted to the court the form of another judgment in favor of the appellees, and moved the court to enter the same, which motion was overruled by the court, and the appellant excepted and appealed from the judgment, assigning the following errors:

1st. That the first paragraph of the complaint does not state facts sufficient to constitute a cause of action;

2d. That the second paragraph of the complaint does not state facts sufficient to constitute a cause of action;

4th. The court erred in overruling the motion to change and modify the judgment;

3d. The court erred in overruling the motion for a new trial;

5th. That the court erred in rendering the judgment set out in the record.

The first two errors have already been disposed of; the complaint was sufficient.

As to the fourth error assigned, there was no error in refusing to modify the judgment as requested by appellant. The substance of that modification was, that the appellant should have the possession of the land; but we have already seen that he was not entitled to possession until liens upon the land were paid. 2 R. S. 1876, p. 257, sections 621, 625; *Walton* v. *Cox*, 67 Ind. 164; *Troost* v. *Davis*, 31 Ind. 34.

As to the fifth error, to wit, that the court erred in rendering the judgment set out in the record. That assignment is too vague to present any question for the decision of this court. *Truitt* v. *Truitt*, 38 Ind. 16. But we have examined the judgment and find no error in it.

As to the third error assigned, to wit, that the court erred in overruling the motion for a new trial, seventeen reasons were alleged in support of that motion. The fifteenth, sixteenth and seventeenth are, that the finding was contrary to

Ray *v.* Detchon *et al.*

evidence, and contrary to law, and that the amount of recovery was too large. We find no error in the record in these particulars. The other fourteen reasons allege error in the admission of testimony. Of these only the first five are discussed by the appellant's counsel. He says, in his brief: "The questions raised by them have been discussed under the other assignments of error." As to all of the objections to the testimony it may be said, that if, under the allegations of the complaint, Stephen Jones became the equitable assignee of the mortgage in controversy, and afterward the appellees, as his vendees, became the equitable assignees of said mortgage, and entitled to be subrogated to the rights of Curtis, then the testimony was admissible as parts of a general transaction producing that result. The appellant objected to the admissibility of the mortgage notes, and the certified transcript of the foreclosure suit, and the records of the judgments and proceedings of the judgment creditors against John Ray, and the sheriff's deeds, and the deeds from Jones to the Plunketts, and the reconveyance to Jones, and the deed from Jones and wife to the appellee Detchon—and these are the only objections to evidence which are discussed in appellant's brief.

It follows, from the authorities hereinbefore cited in support of the appellees' complaint, that all the foregoing items were properly admitted in evidence.

The judgment of the court below ought to be affirmed.

PER CURIAM.—It is therefore ordered by the court, upon the foregoing opinion, that the judgment of the court below be, and the same is hereby, in all things affirmed, at the costs of the appellant.

Opinion filed at May term, 1881.
Petition for a rehearing overruled at November term, 1881.