Hines v. Dresher.

Filed Feb. 20, 1884.

———————◆———————

No. 11,269.

HINES v. DRESHER.

FRAUDULENT CONVEYANCE.—*Personal Judgment Against Grantor.—Mortgage by Grantee.—Conveyance Set Aside.—Sale by Assignee of Bankrupt Grantee.—Foreclosure of Mortgage and Sale.—Redemption by Bankrupt's Purchaser.—Subrogation to Mortgagee.—Priority as Against Judgment Creditor.*—A personal judgment was rendered against a debtor after he had conveyed away land in anticipation of such judgment. Then the grantee mortgaged the land to a *bona fide* mortgagee. Afterward the judgment creditor obtained a decree against the grantor and grantee, setting aside such conveyance as fraudulent, from which an appeal was taken. After such decree, but before the appeal, such fraudulent grantee was adjudged bankrupt, and his assignee sold the land. Afterward such mortgage was foreclosed against said debtor, his fraudulent grantee and his judgment creditor, and bought in at foreclosure sale by the mortgagee, from which foreclosure sale said purchaser at bankrupt sale redeemed the land, and then took a conveyance from said judgment debtor and his fraudulent grantee, said bankrupt. Afterward said appeal was sustained, reversing the decree setting aside such conveyance for a defect in the complaint; but this was cured by an amendment and decree again rendered, setting aside said conveyance as fraudulent. Upon suit by said purchaser at bankrupt sale, to enforce his lien and quiet his title against the judgment creditor, wherein the latter set up his judgment,

*Held*, that the plaintiff was subrogated to the rights of the mortgagee, but that, subject to the mortgage debt, the defendant's judgment must next be satisfied, and the residue, if any, go to the plaintiff.

SAME.—*Lis Pendens.*—The *Lis Pendens* act of 1877 was not retroactive.

From the Hamilton Circuit Court.

*D. Moss, R. R. Stephenson, A. F. Shirts* and *W. R. Fertig,* for appellant.

*F. M. Trissal,* for appellee.

BICKNELL, C. C.—Rosanna Hines, in 1869, obtained two judgments against John W. Noble; he had been the owner of the land in controversy in this suit, but in 1868 he had conveyed it to William F. Noble in anticipation of the judgments aforesaid, and with intent to defraud said Rosanna. In 1875 William F. Noble and Eliza, his wife, mortgaged the land to the Ætna Insurance Company to secure $4,000 borrowed money.

In 1877 said Rosanna obtained a decree that said conveyance from John W. Noble to William F. Noble was fraudulent as to her, and that the land was subject to execution on her two judgments. From this decree an appeal was taken to this court.

Afterwards, in 1878, the insurance company foreclosed its mortgage; the defendants in this foreclosure suit were William F. Noble, Eliza Noble, John W. Noble and said Rosanna Hines, and by the foreclosure decree all the interest, right of redemption and claim of these defendants, and each of them, were fully barred and foreclosed. At the foreclosure sale in 1878 the insurance company bought in the land.

After said Rosanna had obtained her decree subjecting the land to execution on her judgments, and before an appeal was taken therefrom, and before the commencement of said foreclosure suit, William F. Noble was declared a bankrupt, and his assignee in bankruptcy assigned all said bankrupt's right, title and interest in said land to one Valentine Keck, and on November 24th, 1879, Keck redeemed said land from the mortgage sale by paying to the clerk therefor $1,893.27; the

mortgage sale was without relief from valuation or appraisement laws.

In the year 1881 the appeal to this court from said Rosanna's decree subjecting the land to execution on her judgments was decided, and said decree was reversed, for want of an allegation in the complaint that said John W. Noble had not, at the date of his conveyance to William F. Noble, other property subject to execution sufficient to satisfy said judgments. The only defendants to that suit were the said John W. Noble, William F. Noble and Eliza Noble. Afterwards, on the 10th of December, 1881, said Rosanna amended her complaint by adding the allegation omitted as aforesaid, and judgment was taken thereon by default the same day, and a decree was then again rendered the same as the former decree.

While the appeal was pending said Valentine Keck took a conveyance of the land from said John W. Noble, William F. Noble and Eliza Noble, dated January 10th, 1880, and after said Rosanna obtained her second decree, to wit, in the year 1882, said Keck sold the land to the plaintiff for $3,000. No leave to issue executions on said judgments was ever granted. Said John W. Noble has been insolvent ever since his conveyance to William F. Noble, and said Rosanna's judgments are wholly unsatisfied.

Keck's redemption of the land from the mortgage sale and his reception of the deed from John W. Noble, William F. Noble and Eliza Noble in 1882, were for the purpose of protecting the title he had acquired by purchase from the assignee in bankruptcy of William F. Noble.

This suit was commenced in November, 1882. The pleadings were the complaint by the appellee and a denial and counter-claim by the appellant. There is no question as to the pleadings. The complaint prayed that the court would order that the claim of said Rosanna by virtue of her two judgments is inferior to the lien acquired by said Keck by the redemption of said lands, and that the plaintiff has succeeded to the rights of said Keck, and that plaintiff's said lien be

foreclosed, and the real estate sold to satisfy said lien, and for all further proper relief.

The counter-claim prayed that the land be declared liable to sale on execution under the judgments aforesaid, and that such sale be free and clear from any claim of the plaintiff by virtue of such redemption, and that if it should be determined that the plaintiff has a prior lien by virtue of his said redemption, an account may be taken of the rents and profits received, and of the timber taken, from said lands, and the amount thereof deducted from such lien, and that the proceeds of the sale of the land, after paying such lien with such deductions, be applied in satisfaction of the defendant's said judgments.

The issues were tried by the court, who, at the request of the parties, found the facts specially and stated conclusions of law thereon.

The defendant excepted to the conclusions of law. Judgment was rendered in accordance with the conclusions of law. The defendant appealed. She assigns error in the conclusions of law. The facts found by the court were those hereinbefore stated.

The conclusions of law were as follows: "Upon the facts so found the court states the conclusions of law to be with the plaintiff, and that he is entitled to a decree quieting his title to the real estate described in the complaint against all claims of the defendant."

The judgment was as follows: "It is considered by the court that the title to the lands described in the complaint" (here follows a description of them) "be quieted and set at rest in the plaintiff as to any claim of defendants therein, and that the plaintiff recover of the defendant all his costs and charges," etc.

The conclusions of law are wrong. If the title to the land had remained all the time in William F. Noble, then, after the appellant obtained her final decree in 1881, her judgments could have been enforced against the land. The question is,

has anything occurred by which her rights have been impaired? At the foreclosure sale the insurance company bought in the property. If there had been no redemption under the statute, the insurance company would have held the property discharged of the appellant's claims, and any *bona fide* purchaser from the insurance company would have so held it; but if William F. Noble had redeemed the land from the foreclosure sale, he would have been merely paying his own debt, and he would have held the land subject to the appellant's judgments. The appellant was barred only as to the insurance company and those claiming under it.

But Keck, by his purchase from the assignee in bankruptcy, acquired an interest in the land such as entitled him to redeem. He was substantially paying the mortgage debt when he was under no obligation to pay it, and, according to the rule laid down in *Braden* v. *Graves*, 85 Ind. 92, he was entitled to be subrogated to the rights of the mortgagee. He paid off a prior claim which was good against the appellant. *Ulrich* v. *Drischell*, 88 Ind. 354.

In equity, therefore, although the judgments, having never been satisfied, may still be enforced against the land, they are subject to the prior equity of the appellee, who, upon sale of the land, is entitled to be first paid, out of the proceeds of the amount, the redemption money, with interest from the time it was paid, and the remaining proceeds must be paid to the appellant in satisfaction of her said judgments, and the surplus, if any, must be paid to the appellee.

The conveyance of the land to Keck by John W. Noble, William F. Noble and Eliza Noble amounted to nothing. They had nothing to convey, and their conveyance was *pendente lite*, and was subject to the final judgment in the pending suit. *Wilson* v. *Hefflin*, 81 Ind. 35. The act of 1877 concerning *lis pendens*, Acts 1877, Spec. Sess., p. 54, had no retroactive effect, and does not apply to cases pending when it became a law. For the error in the conclusions of law the judgment ought to be reversed.

PER CURIAM.—It is therefore ordered, on the foregoing opinion, that the judgment of the court below be and the same is hereby in all things reversed, and this cause is remanded, with instructions to the court below to state conclusions of law in conformity with the foregoing opinion, and to order a sale of the property and a distribution of the proceeds as hereinbefore indicated.

Filed March 6, 1884.