Bodkin *et al. v.* Merit.

No. 11,721.

## BODKIN ET AL. *v.* MERIT.

SUBROGATION.—*Sheriff's Sale.*—A purchaser at a sheriff's sale upon an invalid decree of foreclosure, whose money goes to satisfy the mortgage, is entitled to be subrogated to the rights of the mortgagee.

SAME — *Volunteer.*—A purchaser at an invalid sheriff's sale is not a volunteer.

SAME.—*Former Adjudication.—Mandate.*—A judgment against a purchaser at an invalid sheriff's sale, upon an application for a mandate to compel the sheriff to execute a deed, is not an adjudication upon the purchaser's right to subrogation.

STATUTE OF FRAUDS.—*Defence is a Personal One.*—The defence of the statute of frauds is a personal one and can not be made by strangers to the transaction.

FRAUD.—*Pleading.—Injury.*—Fraud without injury creates no cause of action, and in pleading fraud facts must be pleaded—not merely epithets—and an injury must be shown.

JUDGMENT.—*Receiver.—Collateral Attack.*— A judgment appointing a receiver can not be attacked collaterally.

PRACTICE.—*Special Finding.—Request.*—Where the special finding states that "the court, at the request of the defendants, makes a special finding of facts and conclusions of law," it is not necessary that the request should appear elsewhere in the record.

SAME.—*Harmless Error.*—It is better to keep the special and general findings separate, but where no injury is done by combining them, the error will be deemed a harmless one.

SHERIFF'S SALE.—*Delay in Payment of Bid.—Purchaser at Foreclosure Sale.—Subrogation.*—A party who has purchased land at a sale upon a decree

' of foreclosure, and who is denied a deed upon such sale, is not precluded from asserting a right of subrogation because of delay in paying the purchase-money.

From the Switzerland Circuit Court.

*J. B. Coles, A. C. Downey* and *G. E. Downey,* for appellants.
*S. Carter, C. S. Tandy* and *W. R. Johnston,* for appellee.

ELLIOTT, J.—The material allegations of the appellee's complaint are these : That on the 23d day of December, 1878, the defendant James F. Bodkin was indebted to the National Bank of Rising Sun in the sum of $7,600, for which he had theretofore executed his promissory note, with James H. Merit as surety ; that James F. Bodkin was also indebted to the First National Bank of Vevay in the sum of $600, for which he had executed his promissory note, with James H. Merit as surety; that Bodkin was still further indebted to Sarah Woods in the sum of $850, evidenced by his promissory note, on which James H. Merit was surety; that on the day Bodkin and his wife, Lodina H. Bodkin, executed to James H. Merit a mortgage on real estate to indemnify him against loss on account of his suretyship ; that James F. Bodkin did not pay any of the notes except the one executed to Sarah Woods ; that the National Bank of Rising Sun recovered judgment on the note executed to it against the principal and surety therein, on the 7th day of May, 1880; that the surety afterwards commenced suit to foreclose the indemnifying mortgage executed to him, alleging in his complaint, among other things, the execution of the note and mortgage, the failure to pay the note, the recovery of judgment thereon, the execution of the notes to the First National Bank of Vevay, that James F. Bodkin was insolvent, that the real estate described in the indemnifying mortgage was encumbered by a prior mortgage to the amount of $5,300, and that it was not of sufficient value to pay that encumbrance and the amount due upon the judgment of the National Bank of Rising Sun ; that James F. Bodkin had sold his personal prop-

erty, retaining only the amount exempted by law, and had filed a schedule claiming it under the exemption law; that he had attempted to lease the mortgaged real estate and secure the rent in advance, and was endeavoring to place the property in the hands of his wife to avoid payment of rent. It is further alleged in the complaint in the present suit that the court, in the suit brought by the surety, James H. Merit, appointed John W. Powell a receiver to collect the rents accruing from the real estate; that a decree foreclosing the mortgage was rendered, sale made thereon, and the property purchased by the appellee on the 5th day of March, 1881; that the sheriff made a memorandum on the back of the certified copy of the decree; that the sheriff retained the copy of the decree without making a return thereon, and gave the appellee time to raise the purchase-money, and waited for the money during the life of the decree; that the sheriff tendered the appellee a certificate of sale, and requested the payment of the purchase-money, and not receiving it returned the decree not satisfied; that afterwards James H. Merit, the surety, moved for an order against the appellee to compel the payment of the purchase-money, less $178.38, previously paid, and the court on said motion rendered judgment against the appellee for $7,321, the unpaid balance of the purchase-money, and the money was paid by appellee, together with interest and ten per centum damages, on the 20th day of February, 1882; that after making this payment he demanded a deed; this demand was refused, and the appellee petitioned for a writ of mandate to compel the sheriff to execute the deed, but on the hearing the court refused the writ, on the ground that no sufficient written memorandum of the sale was made by the sheriff. The prayer of the complaint is that the appellee be subrogated to the rights of the mortgagee and judgment creditor, James H. Merit, that an order of foreclosure issue, and that sale of the mortgaged premises may be made.

The complaint makes a case entitling the appellee to subrogation. His money satisfied the debts of the mortgagors

and paid the claims of creditors, and he has a right to the securities held by the mortgagor and creditors. It can make no difference to the mortgagors and debtors, that the appellee was unable to secure a deed from the sheriff; that fact does not work them any injury, nor does it impair the force of the payment of the debts which were owing from them, and not from the applleee. It is a familiar principle of equity, and is one fully recognized by our statute and decisions, that payment of a debt by a purchaser at an invalid sheriff's sale subrogates the purchaser to the rights of the creditor. The invalidity of the sale does not destroy the right of subrogation. It would be against good conscience and natural justice to permit mortgagors to hold property pledged for a debt against one who had paid their debt, expecting to secure a title to the land pledged as security for its payment. Our decisions are firmly set against such a doctrine as that upon which appellants' theory is founded. *Short* v. *Sears,* 93 Ind. 505; *Hines* v. *Dresher,* 93 Ind. 551; *Carver* v. *Howard,* 92 Ind. 173; *Jones* v. *French,* 92 Ind. 138; *Willson* v. *Brown,* 82 Ind. 471; *Ray* v. *Detchon,* 79 Ind. 56; *Reily* v. *Burton,* 71 Ind. 118; *Walton* v. *Cox,* 67 Ind. 164; *Muir* v. *Berkshire,* 52 Ind. 149; *Seller* v. *Lingerman,* 24 Ind. 264; *Bunts* v. *Cole,* 7 Blackf. 265; S. C., 41 Am. Dec. 226.

The delay of the appellee in paying the purchase-money did not deprive him of his right to subrogation. Mere delay in the payment of the purchase-money can not destroy the right of the purchaser to the liens securing the debt he pays, for the main facts upon which the right of subrogation rests remain, and the delay works the debtor no injury. Such a delay is not a wrong within the meaning of the maxim that no man can take advantage of his own wrong. The purchaser in this instance seeks no benefit from a wrong; what he seeks is to hold the same liens that were held by the creditors whose claims were paid by him.

A purchaser at an invalid sheriff's sale is not a volunteer. It is the right of the citizen to bid at sheriff's sales, and it is

not for the debtors, whose debt the bidder's money pays, to denominate him a volunteer, or to deny his right to make the debt out of the property pledged for its payment. It can make no difference to the debtor who gets the property provided it goes in discharge of his debt; this is where he pledged it to go, and there is where equity decrees that it shall go.

The denial of the writ of mandate did not adjudicate upon the appellee's right to subrogation. There is no conclusive adjudication where there is neither an issue made nor an opportunity to make an issue embracing the subject of the litigation in the second action. In this instance there was no adjudication upon the matters in litigation here, because there was no issue formed upon the appellee's right to subrogation, nor was there an opportunity to form such an issue. The question in the action for a mandate was the appellee's right to compel the sheriff to execute a deed vesting title; here the question is as to the right of the appellee to be subrogated to the lien of the decree and to enforce it by the proper process.

There was no error in striking out parts of the appellants' cross complaint. Where a motion to strike out is sustained, there is no material error if the substantial averments are not rejected, and that is true here. So much of the cross complaint as charges the appellee with wrongfully entering into possession of the land, and appropriating the rents and profits, was not struck out, and the appellants were not harmed, because they were not deprived of the right to give evidence upon these subjects. If the right to give evidence upon these subjects, and to secure a judgment in the event that the evidence entitled them to one, had been taken from them, a different question would confront us, but enough remained in the pleading to fully secure these rights.

Some of the allegations in the part of the cross complaint struck out attempted to charge the appellee with fraud, but no facts are stated constituting fraud, although epithets are liberally used. Epithets can not supply the place of facts,

and facts are absent from this pleading. It is true, that it is alleged that the judgment requiring the appellee to pay his bid was the result of a fraudulent collusion, but the facts stated do not support the pleader's conclusion. There is no averment that he did not make the bid; this fact is therefore conceded, and if he did make the bid, the execution creditor was entitled to judgment, and there could be no fraud in consenting that he might take it. There is, indeed, no averment that the sale was invalid, although there is a recital that it was ineffectual. But the whole body of the averments as to the fraud of the appellee was foreign to the general tenor of the cross complaint, and had no legitimate place in it. Doubtless, fraud properly pleaded would have been a good cause of counter-claim, but not in a paragraph proceeding, as this one did, upon an entirely distinct and different ground. The theory upon which, judged as it must be by the general scope and tenor, the cross complaint proceeded was, that the appellee was wrongfully in possession because he had no title, and was, therefore, accountable for the rents and profits.

The defence of the statute of frauds is a personal one, and in this instance the only one of the parties who could have made it available was the appellee. If he did not elect to interpose it against the execution debtor's demand, the appellants can not complain. *Savage* v. *Lee*, 101 Ind. 514; *Dixon* v. *Duke*, 85 Ind. 434, *vide* auth. p. 439; *Morrison* v. *Collier*, 79 Ind. 417.

It is a settled principle that fraud without damage gives no cause of action, and it is impossible to perceive how the appellants could have been injured even if it were true that there was a fraudulent collusion. In no event could they be injuriously affected. If the appellee does not own the lien, then the surety, James H. Merit, does and can enforce it, so that the appellants can not be injured, no matter who enforces the lien. They can not hold the property as against the debt for which they mortgaged it. Whatever view be

taken of the ruling on the motion to strike out, it is evident that no substantial error was committed.

The second paragraph of the answer attempts to plead facts showing that the court erred in appointing the receiver in the suit instituted by James H. Merit. Of this answer it is only necessary to say that a judgment appointing a receiver can not be attacked in an answer to a complaint in a separate action praying for the enforcement of a decree of foreclosure.

The special finding made by the court states that "The court, at the request of the defendants Bodkin and wife, makes the following special findings of facts and conclusions of law thereon." This shows a request by the parties. It is not necessary that the request should be elsewhere set forth in the record, for clearer or stronger evidence of its having been made could not well be supplied than that furnished by the judge over his own signature. The case of *Grover and Baker S. M. Co.* v. *Barnes*, 49 Ind. 136, lends no support to the contention of the appellee that the record does not show that the special finding was made upon the request of the parties.

The court did not specifically state conclusions of law, but did state in general terms that the plaintiff was entitled to be subrogated to the lien of the mortgage and decree of James H. Merit. Immediately following this statement, and as part of the finding signed by the judge, is the final decree. It would have been more formal to have kept separate the conclusions of law and the final decree, but in this instance no injury was done the appellants. Upon the facts found the appellee was clearly entitled to subrogation, and the statement of this point was the statement of the central point of the case. This was the principal point, and the one that controlled the case from beginning to end. As this was stated against the appellants, and as the facts imperatively required such a conclusion, it is evident that no substantial injury resulted to them, and the statute forbids a reversal where there is no substantial injury. It is no doubt better in all cases to

state separately and specifically all the conclusions of law; and there may be cases where it would be error requiring a reversal to do otherwise, but here there was no material injury to the appellants, and we are not authorized to reverse for the failure to proceed in due form unless substantial injury resulted from the course pursued.

The evidence is not in the record, and we must, therefore, accept as full and true the facts stated in the special finding. There is nothing in the finding that warrants the assumption of counsel that the court erred in ordering the money in the hands of the receiver appointed on the petition of the surety, James H. Merit, to be paid to the appellee. If the appellee was subrogated to all the rights of the mortgagee, then he became, from the time the right of subrogation accrued, entitled to the same rights as the person into whose place he was put by operation of law. The argument of appellants' counsel is, that when the appellee failed to pay his bid within season to secure a sheriff's deed, he forfeited all rights. This argument is unsound. The failure to pay the bid in season lost him the immediate title to the land, but it did not deprive him of his right of subrogation.

There are no facts stated from which it can be inferred that the order appointing the receiver was erroneously or even improvidently granted. As there is no fact impeaching the validity of the rulings of the court in the former case, we can not do otherwise than presume that they were correct; so that conceding, but by no means deciding, that the appellants can in this case question the validity of the order appointing a receiver, still there are no facts stated overcoming the presumption in favor of the ruling of the court.

Judgment affirmed.

Filed June 16, 1885.