Gavin, J.
The appellee, in his complaint, sought to recover damages on account of having been evicted by a paramount title, from real estate leased by appellant to one Bickham, who assigned the lease to appellee.
Immediately following the description of the premises in the lease is the following: "And I will warrant and defend his possession thereto, together with the rights, privileges and appurtenances, to the same belonging, to *207 have and to hold the same for and during the term of ten years from the first day of March, 1885.”
Then appears the agreement to pay rent, together with various other provisions, and then the lease proceeds: “Whereas, the minor children of the said Sheets have an interest in the lot herein leased, said Sheets hereby agrees to indemnify said Bickham, and save him harmless from any right or claim they have or may assert in said premises during the lease.”
Counsel contend that this latter and special covenant controls and limits the general covenant for quiet enjoyment which precedes it. We do not so construe it.
In Rawle on Cov. for Title the rule is laid down thus: Section 291. “Second. But where the first covenant is general, a subsequent limited covenant will not restrain the generality of the preceding covenant, unless an express intention to do so appear, or unless the covenants be inconsistent.”
There is nothing in this lease to indicate any intention of limiting the general covenant nor are the two covenants in any degree inconsistent. The two covenants do not appear to be in any way connected in the lease, differing in this respect from those in Jackson v. Green, 112 Ind. 341.
It is the law that general words will sometimes be restrained and confined to what the parties plainly intended. Burns v. Singer Mfg. Co., 87 Ind. 540.
The appellant filed a motion for a new trial, based upon twenty-six causes, most of which relate to the admission of evidence. We will not undertake to pass upon these in detail. Many of the objections are formal, rather than substantial, and are not likely to arise again in the same form.
The facts shown by the evidence, briefly stated, are that in-1885 appellant leased seventy-two feet of ground *208 to Bickham, his assigns, etc., for ten years, with the privilege of erecting buildings thereon and removing them within a reasonable time after the expiration of the lease. He assigned the lease to appellee, who sublet parts of it. Buildings were erected upon it. In 1892 the three children of appellant commenced suit against her for partition of this and other grounds alleged to be owned by them as tenants in common, appellee not being a party to the suit. Judgment in partition was rendered and the seventy-two feet divided into three portions and assigned to the three children severally. On February 9, 1893, Christina Guenthensperberger, one of the children, recovered judgment in ejectment against appellee for her portion of the ground. On February 10, 1893, this suit was commenced, the complaint alleging that the three children had entered suits against the appellee for the recovery of the possession of said realty and for damages, and that such proceedings were had as that on February 9, 1893, he was ejected therefrom, and the plaintiffs therein recovered judgment for $300 damages. On April 2, 1893, appellee moved out of the building occupied by him, they being on Christina’s portion of the lot, and on April 10 moved the building off. The other buildings had been put up by sub-tenants, who arranged with the children for their remaining. In May, 1892, the children notified the sub-tenants not to pay rent to' appellee. Part of them paid none after that time.
We can see no error in receiving in evidence the partition proceedings to which appellant was a party. It was at least one link in the chain of evidence by which the paramount title was to be shown.
The judgment in favor of Christina Guenthensperberger was properly received in evidence to aid in proving the eviction under her claim of title. Rhode v. Green, 26 *209 Ind. 83. Its adjudication of title, however, was not binding upon the appellant, and it was therefore necessary for appellee to prove that her title was paramount, by other evidence.
The mere knowledge of the suit, acquired by appellant from some source other than by notification from appellee, would not cause her to be bound by its results when she did not in any manner appear therein nor participate in the defense. Walton v. Cox, 67 Ind. 164; Morgan, Exrs., v. Muldoon, 82 Ind. 347; Bever v. North, 107 Ind. 544.
None of these cases hold explicitly that mere knowledge is not sufficient, but all seem to recognize that something more is required.
Thus, in Walton v. Cox, supra, it is held that the grantor was not bound because his grantee had not given him notice.
In Morgan v. Muldoon, supra, it is decided that the judgment is conclusive uppn the grantor if “properly notified,” and in Bever v. North, supra, if the gfantee “duly notifies” him.
In Somers v. Schmidt, 24 Wis. 417, the question is directly and expressly decided in accordance with our holding.
Rawle on Cov. for title, sections 119-125, discusses the authorities and states this conclusion: “The notice must be distinct and unequivocal, and expressly require the party bound by the covenant to appear and defend the adverse suit.” Had she actually appeared and made defense in name of appellee, then she would have been concluded by the judgment. Worley, Admr., v. Hineman, 6 Ind. App. 240.
While the judgment in favor of Christina was properly received in evidence, it having been rendered Feb *210 ruary 9, 1893, we are unable to find any rule of law which, would justify the admission of the two judgments rendered sixty days and more after the commencement of this suit.
Filed Nov. 14, 1894.
We can not see how they could throw any light upon appellee’s right of action on February 10, 1893. As a. general rule, evidence must relate to the cause of action existing at the time of the commencement of the suit. In some instances, and for special reasons and purposes, occurrences subsequent thereto are received, but there is nothing in these exceptions to make the reception of these judgments proper. Nor are we able to say that the error was harmless.
Counsel for the appellant assert that the value of the. lease for the unexpired term was not to be considered in estimating the appellee’s damages. In this we think they are in error. Carter v. Lacy, 3 Ind. App. 54; 3 Suth. Dam., 149 (1st ed.), section 864 (2d ed.); 3 Sedg. Dam. (8th ed.), section 987; 2 Taylor Land. and Ten., page 365; 1 Woods Land. and Ten., section 317, 362; Rawle on Cov. for Title, section 169; Clarkson v. Skidmore, 46 N. Y. 297; Larkin v. Misland, 100 N. Y. 212; Rolph v. Crouch, 3 (L. R.) Exch. 44; Poposkey v. Munkwitz, 68 Wis. 322.
The judgment is reversed, with instructions to grant a new trial, and with leave to amend complaint if desired