. BROWN v. MAHER ET AL.

STATUTE OF LIMITATIONS.—*Recovery of Land sold on Execution on Void Judgment for Ditch Assessment.*—Under subdivision 3, section 211, 2 R. S. 1876, p. 123, an action " For the recovery of real property sold on execution, brought by the execution debtor, his heirs, or any person claiming under him by title acquired after the date of the judgment," must be

brought within ten years after the sale. This statute covers sales made on a void judgment for an appraisement of benefits for ditching purposes.

SAME.—*Statute need not be Pleaded.—Evidence.*—Such defence is admissible, in such action, under the general denial, without being specially pleaded.

From the Howard Circuit Court.

*J. O'Brien,* for appellant.

*M. Bell, C. E. Hendry* and *M. McDowell,* for appellees.

WORDEN, J.—This was an action by the appellant, against the appellees, to recover the possession of a certain tract of land, and to quiet the plaintiff's title thereto.

Issue; trial; verdict and judgment for the defendant.

Brown, the plaintiff, appears to have owned the land before the sale thereof, hereinafter mentioned. In the year 1862, the Prairie and Slough Ditching Company recovered a judgment in the Howard Circuit Court, in which county the land lies, against the plaintiff herein, for the sale of the land, to make the amount of an assessment for ditching purposes; and an execution was issued upon the judgment, by virtue of which the sheriff offered the land for sale, and struck off and sold the same to one A. F. Lincoln, who paid his bid, and to whom the sheriff made a conveyance of the land on August 1st, 1862. Lincoln afterward conveyed the land, by quitclaim deed, to Joshua D. Foster, who conveyed it by a like deed, to the defendant Maher, who was in possession at the commencement of the action, which was commenced in the year 1875.

The appellant makes numerous objections to the judgment and proceedings under which the land was sold by the sheriff, as that the judgment was void for the want of a proper affidavit, on which the jurisdiction of the court over his person was attempted to be acquired, he being a non-resident of the State; that the articles of as-

sociation of the ditching company were void, and, therefore, there was no company, and no plaintiff in the supposed action against Brown; and that the judgment was satisfied before the sale in question; wherefore the sale was void. All these objections may be conceded for the purposes of the decision of the cause.

The statute of limitations was relied upon as a defence to the action. The statute provides that actions shall be brought "For the recovery of real property sold on execution, brought by the execution debtor, his heirs, or any persons claiming under him, by a title acquired after the date of the judgment,—within ten years after the sale." 2 R. S. 1876, pp. 122, 123.

The statute clearly applies to the case before us. It applies to void sales. If it did not, it would be a dead letter; for, if sales are not void, the purchaser needs no statute of limitations to protect his title. See the case of *Hatfield* v. *Jackson*, 50 Ind. 507, and authorities there cited.

The appellant claims that the defendant could not avail himself of the statute of limitations, inasmuch as it was not pleaded.

The statute provides that, in actions to recover real estate, the defendant may, under the general denial, "give in evidence every defence to the action that he may have, either legal or equitable." 2 R. S. 1876, p. 252, sec. 596.

We are unable to perceive any ruling made by the court below, by which the appellant's rights were injuriously affected. The defence of the statute of limitations was clearly established.

The judgment below is affirmed, with costs.