No. 10,359.

### CLEVELAND v. OBENCHAIN.

SURVEY.—*Appeal.—Practice.*—Pleadings in the circuit court, on appeal from a survey by a county surveyor, are unnecessary and inappropriate.

SAME.—*Judgment on Appeal.*—If in such case the survey be found incorrect, the court may order a re-survey and appoint a competent person to make it (R. S. 1881, section 5955), but it is error to direct him how to make it.

From the Whitley Circuit Court.

*J. W. Adair, T. R. Marshall* and *W. F. McNagny,* for appellant.

*M. Sickafoose* and *W. Olds,* for appellee.

BICKNELL, C. C.—Obenchain appealed from a survey made by Roscoe A. Kaufman, a county surveyor. Upon such an appeal the substantial question is, was the survey right? The cause is properly triable in the circuit court in the same manner as an appeal from a justice of the peace. *Findley* v. *McCormick,* 50 Ind. 19; *Ricketts* v. *Dorrell,* 59 Ind. 427. If the court shall decide that the survey was wrong, it shall enter an order for a re-survey, and shall designate a competent person to make it, and an appeal may be taken from the re-survey. R. S. 1881, section 5955. The re-survey need not be reported to the court, and the court has nothing to do with the re-survey except upon an appeal taken therefrom.

When Obenchain's appeal came before the court, he filed three exceptions to the survey. Cleveland moved to strike out the first two of the exceptions, and this motion was overruled. Cleveland then filed a demurrer to the exceptions collectively, "for want of facts sufficient to constitute a cause of action or right of appeal." This demurrer was overruled. Cleveland then pleaded to the exceptions the general denial, treating them as a complaint. The exceptions, the demurrer and the answer to the exceptions were all unnecessary and inappropriate, but these irregularities seem to have done no harm, because the real question, to wit, was the survey correct? was submitted to and was determined by the court.

The court found that the survey was not correct, ordered a re-survey, appointed A. T. S. Kist to make it, and adjudged costs against Cleveland.   This the court had a right to do; but the court included in its judgment a direction to its appointee to make the Osceola and Rochester State road the dividing line between the parties.   This the court was not authorized to do; its only power under the statute, section 5955, *supra*, was to order the re-survey and appoint a person to make it.

The record shows that to this finding and form of order Cleveland at the time excepted.   Further proceedings were had, the result of which was that a re-survey, made by Kist, in pursuance of the directions of the court, was by the court found to be correct.   Cleveland appealed.   Among the errors assigned is the following: ·

2. The court erred in its finding and form of order to A. T. S. Kist to re-survey the land in controversy.

For this error the judgment should be reversed.

PER CURIAM.—It is therefore ordered, on the foregoing opinion, that the judgment of the court below be and it is hereby in all things reversed, at the costs of the appellee, and this cause is remanded, with instructions to the court below to set aside said re-survey and all the proceedings subsequent to the finding of the court against the first survey, and upon that finding to appoint a surveyor to make a re-survey pursuant to the statute.