Hawley *et al.* v. Zigerly *et al.*

is entitled to the equitable lien of a vendee.    *Stults* v. *Brown, Admr.*, 112 Ind. 370.

The judgment is affirmed, with costs.

Filed Oct. 10, 1893.

———————————— ◆ ————————————

No. 15,927.

HAWLEY ET AL. *v.* ZIGERLY ET AL.

DEMURRER.—*Sufficiency of.*—*Demurrer to Answer.*—*Cause of Action.*— *Cause of Defense.*—A demurrer to answers, which states that "neither of said paragraphs states facts sufficient to constitute a cause of action," does not raise the sufficiency of the paragraphs of answer, for the reason that answers are not required to state causes of action, but are sufficient when they state causes of defense.

ASSIGNMENT OF ERRORS.—*Modification of an Instruction.*—*When Can Not be Considered.*—*Instructions as a Whole.*—An assignment of error that the court erred in modifying one of appellants' instructions will not be considered where all the instructions are not in the record, it being established practice that the instructions must be considered as a whole.

VERDICT.—*Sufficiency of the Evidence.*—That the verdict is sustained by the evidence, see opinion.

STATUTE OF LIMITATIONS.—*Defective Titles.*—*Imperfect Sales.*—The statute of limitations applies to defective titles and imperfect sales.

From the Huntington Circuit Court.

*J. B. Kenner, B. M. Cobb* and *U. S. Lesh*, for appellants.

*L. P. Milligan, O. W. Whitelock* and *S. E. Cook*, for appellees.

HACKNEY, J.—In an action to quiet title and for possession by the appellants, the appellees succeeded.

The first assignment of error is in the overruling of a demurrer to the third, fourth, fifth, and sixth paragraphs of the appellees, answer.

Hawley *et al. v.* Zigerly *et al.*

The demurrer is not in the form directed by the statute and recognized by any decision of this court. The cause of demurrer stated is that "neither of said paragraphs states facts sufficient to constitute a cause of action."

Answers are not required to state causes of action, but are sufficient when they state causes of defense. That which is a sufficient cause of defense to an action may be materially deficient when stated as a cause of action or cross-action. While the statement of the cause of demurrer was probably the result of inadvertence, we are not at liberty to hold it sufficient. The sufficiency of the answers is not, therefore, before us. *Grubbs* v. *King, Assignee,* 117 Ind. 243; *Peden.* v. *Mail,* 118 Ind. 556; *Reed* v. *Higgins, Admr.,* 86 Ind. 143; *Pine Civil Tp.* v. *Huber Mfg. Co.,* 83 Ind. 121.

The second assignment of error is upon the overruling of the motion of appellants for a new trial.

The first cause for a new trial discussed by counsel is the action of the court in modifying instruction numbered four, of those asked by appellants. No other instruction is in the record. The rule is thoroughly established that instructions must be considered as an entirety; and when so considered, if they state the law of the case correctly, there is no error. *Gallaher* v. *State,* 101 Ind. 411; *Reinhold* v. *State,* 130 Ind. 467.

Here the appellants have made it impossible for us to consider the instructions as an entirety by omitting them from the record.

The tract, the title to which is in dispute, is described in the complaint as commencing on the north bank of Little River and the east line of South Jefferson street, in the city of Huntington, and running thence north eighty-two feet to the south line of the lot known as "Lot 268" in the original plat of said city, thence along said line (east) one hundred feet; thence south and

parallel with said street to said river bank, and thence westward along said river bank to the place of beginning.

In three paragraphs of answer, the appellees claim the ownership and right of possession in parts of said tract, describing such parts by different methods and disclaiming as to all of such tract not so described and claimed.

The fifth paragraph of answer pleads the fifteen years' limitation, and the sixth paragraph pleads the twenty years' limitation.

To the answers of the statutes of limitation the appellants replied specially, that in the year 1830 the then owner of said tract dedicated the same, with other lands, to the public as a burial ground, and for no other use; that in the year 1834 John S. Tipton purchased the lands, upon a portion of which said burial ground was located; that the public continued to use and occupy for burial purposes said tract until in the year 1883, when it was wholly abandoned for such purposes and reverted to the heirs of said Tipton, who conveyed to the appellants. It was further alleged that any possession of the appellee was wrongful and tortious, in that it was against the municipal corporation of the city of Huntington and the public.

The cause was submitted to a jury, resulting in a general verdict in favor of the appellees and the return of special interrogatories and answers thereto.

By the special interrogatories and the answers thereto, we learn that the jury found that the particular tract in controversy, as against the appellees, was never dedicated or used for burial purposes, nor was it ever accepted by the public as such, nor did it ever become, nor was it abandoned as, such.

The operation of the statute of limitations, as against the public, and other questions discussed, are determined

by finding specially that no interest was ever acquired by the public.

The second cause stated in the motion for a new trial is that such findings are not sustained by the evidence.

The evidence for the appellants shows that on the 12th day of October, 1830, Murry and Helvey purchased from the Wabash and Erie canal commissioners, and secured a certificate of purchase for, eighty-eight and fifty-five one hundredths acres of land, including the tract in controversy; that on the 4th day of May, 1833, they assigned said certificate to said Tipton, who, on the 13th day of December, 1834, procured a patent for said lands. However, as appears from the appellee's evidence, said Murry and Helvey, before they transferred said certificate, and on the 29th day of May, 1832, laid off, platted, certified, and recorded in the proper recorder's office a plat of the town of Huntington. By that plat a strip of ground bordered on the south by Little River, on the east by Guilford street, on the north by State street, and on the west by a line sixty-six feet east of Warren street, was laid out and designated as the "burying ground."

October 20th, 1835, the tract in dispute was transferred, with other lands, to Morse and Beardsley, by a deed executed by Elias Murry, as attorney in fact for said Tipton. Thereafter, and at a time not well defined in the record, burials were made on another tract on the north side of Little River and a few rods west of the tract designated on said plat as the "burying ground." No authority for such use appears from the record. This tract adjoins on the east the tract in dispute, and the principal point of difference between the parties is as to whether the tract in dispute is and has been a part of said second burial ground.

However, the question, while involving surveys, plats, location of highways and other transactions, properly

turns upon the existence of fences about said second burial ground as defining its boundaries. Treating the location of graves upon this tract as a trespass or as a mistake for the tract platted and dedicated or by the acquiescence of the parties, the right may not be so enlarged as to extend it beyond the limits of the tract enclosed, maintained, and used for the purposes of burial.

This point of difference is a question of fact, and the jury heard the evidence, which was conflicting, and by the general verdict found in favor of the appellees. We can not weigh that conflicting evidence to determine whether the jury decided correctly.

Objection is made here, to the rulings of the circuit court in admitting in evidence the power of attorney of Tipton to Murry; to the plat of the town of Huntington by Murry and Helvey; to the deed by Murry as attorney in fact for Tipton; to the complaint, answer, proceedings, and commissioners' deed in an action by Milligan against Woods for specific performance; to a deed from Morse to Milligan; to a deed from Milligan to Slusser; to Slusser's plat of the ground in dispute; to Slusser's deeds to the appellees and their grantors, and other testimony of like character.

The manifest object in the introduction of all of this testimony was to show that the appellees held by color of title. The objection that the evidence did not show title because the power of attorney did not sufficiently describe the tract in dispute or the deed under that power, because of the weakness of the power of attorney; that Woods and Morse were not shown to have title when, under the proceeding to enforce specific performance, Woods' conveyance was made, and when Morse executed his deed, and like objections are of no avail, because said title papers are sufficient to give color of title. *Bell* v. *Longworth*, 6 Ind. 273; *Vancleave* v. *Milliken*, 13 Ind.

105; *Doe on Demise* v. *Hearick*, 14 Ind. 242; *Beauman* v. *Grubbs*, 26 Ind. 419; *Brenner* v. *Quick*, 88 Ind. 546.

The statute of limitations applies to defective titles and imperfect sales, and if it did not there would be no purpose in the statute. *Hatfield* v. *Jackson*, 50 Ind. 507; *Brown* v. *Maher*, 68 Ind. 14; *Ray* v. *Detchon*, 79 Ind. 56; *Second Nat'l Bank* v. *Corey*, 94 Ind. 457; *Roots* v. *Beck*, 109 Ind. 472; *Sedwick* v. *Ritter*, 128 Ind. 209.

Slusser purchased on the 14th day of January, 1861, and platted the ground in dispute; and thereafter, in March, 1863, and in August, 1867, sold under his plat the lots now in dispute.

If we do not go back of Slusser's purchase, we find abundant time to preclude the appellants under the twenty year limitation, this action having been instituted on the 5th day of April, 1887.

We do not understand the appellants as contending that the statute of limitations would not bar their action unless it may be held that their rights were postponed by the interposition of some right in the public to the lots in dispute. As we have seen, the public held no right by dedication, possession, or user, as found by the jury upon testimony of a conflicting character.

Many questions are included within the discussion of counsel, but all are in line with the conclusions we have reached upon the questions particularly stated.

We find no error in the record, for which the judgment should be reversed, and it is, therefore, in all things affirmed.

Filed May 16, 1893; petition for a rehearing overruled Oct. 18, 1893.