NOVEMBER TERM, 1896—VOL. 147.   145

Marley v. The State, ex rel. Chenoweth, Auditor of Martin County.

## MARLEY v. THE STATE, EX REL. CHENOWETH, AUDITOR, OF MARTIN COUNTY.

[No. 17,928.   Filed February 26, 1897.]

JUDICIAL SALES.—*Erroneous Description of Lands.*—*Action to Quiet Title.*—*Limitation of Action.*—*Statute Construed.*—Adverse possession of lands purchased at a sheriff's sale, for more than fifteen years, but less than twenty years, under a deed containing a wrong description of such lands, does not prevent such purchaser, or one claiming under him, from maintaining an action to quiet his title as against one first asserting a claim under deed from the execution debtor made more than ten years after the sheriff's sale, under section 294, Burns' R. S. 1894, prohibiting an action to recover lands sold under execution by the execution debtor or any person claiming under him after the lapse of ten years.

SAME.—*Adverse Possession.*—*Erroneous Description of Lands.*—*Statute Construed.*—A purchaser of lands at a sheriff's sale obtains a good title by ten years' possession of the land, notwithstanding the lands were erroneously described in the sheriff's deed, under section 294, Burns' R. S. 1894, prohibiting an action to recover lands sold under execution by the execution debtor or any person claiming under him after ten years.

From the Martin Circuit Court.   *Affirmed.*

*W. R. Gardiner, C. G. Gardiner* and *W. R. Gardiner, Jr.,* for appellant.

*H. McCormack* and *Rogers & Rogers,* for appellee.

HACKNEY, J.—The appellee, The State of Indiana, on the relation of Samuel A. Chenoweth, auditor of Martin county, sued the appellant Benjamin B. Marley, and recovered a decree quieting the title of the State, as against the appellant, to a tract of land in said county. The complaint alleged that in 1877 one John Fields owned the west half and the northeast quarter

Vol. 147—10

146    SUPREME COURT OF INDIANA,

Marley v. The State, ex rel. Chenoweth, Auditor of Martin County.

of the southeast quarter of section nine, township four north, range three west; that one Mitchell held a judgment against him, rendered in the lower court; that Fields submitted said lands to sale by the sheriff to satisfy an execution upon said judgment; that in the levy, and other steps under said execution, said lands were misdescribed as in the northeast quarter of said section, and were misdescribed in the sheriff's deed, the lands so described never having been owned by said Fields; that upon the execution of the sheriff's deed to Mitchell, said Fields, in the belief that the lands he so owned had been properly sold and conveyed in satisfaction of his debt, surrendered the possession thereof to Mitchell; that Mitchell and each succeeding grantee went into the possession of the lands so misdescribed and held the same adverse to Fields, the deeds subsequent to that of the sheriff properly describing the land in question; that one Chastian was an intermediate purchaser, and during her ownership, and with a view to acquiring the inchoate interest of Fields' wife in said lands, procured a conveyance from Fields and wife to the undivided one-third of said lands, they intending to perfect the title to said lands; that a subsequent purchaser, Zumfelde, mortgaged said lands, by proper description, to the State of Indiana for the benefit of the common school fund, to secure a loan from the same; that under said mortgage, and to satisfy the same, the State became by regular procedure, the purchaser of said lands, in April, 1895, and that thereafter the appellant, having discovered said errors in description, and with a knowledge of all the facts alleged, procured from Fields and wife, for a consideration of one dollar, a deed purporting to convey to him, by proper description, the lands in question, and under said deed was claiming title to said lands.

In a special finding of the facts the allegations of the complaint were found in detail, excepting in certain variations in the dates of executions, sales and deeds, and in the fact that one parcel of the lands was offered upon execution and was not sold but was subsequently sold upon *venditioni exponas*.  By the allegations of the complaint and by the findings of the court it distinctly appears that the sale or sales under which Mitchell and his grantees have occupied and claimed title to the land in dispute was more than ten years before the conveyance to the appellant.   Appellant contends that the complaint was bad and that the special findings required conclusions of law in his favor, for the reason that it appeared from each that more than fifteen years had elapsed since the sale; that there had been less than twenty years adverse possession, and that appellee was barred by the statute of limitations from quieting title.

The facts pleaded and found, and the construction given them by the appellant, establish an impregnable title in the appellee under section 294, Burns' R. S. 1894 (293, R. S. 1881).   That statute prohibits an action, for the recovery of real property sold on execution, by the execution debtor, or any person claiming under him, after ten years.   It has been held to apply to sales irregular, or absolutely void from defective descriptions or other causes, and to protect the purchaser, and those claiming under him, in a perfect title.   *Hatfield* v. *Jackson*, 50 Ind. 507; *Brown* v. *Maher*, 68 Ind. 14; *Ray* v. *Detchon*, 79 Ind. 56; *Second Nat'l Bank* v. *Corey*, 94 Ind. 457; *Wright* v. *Wright*, 97 Ind. 444; *Souders* v. *Jeffries*, 107 Ind. 552; *Walker* v. *Hill*, 111 Ind. 223; *Davidson* v. *Bates*, 111 Ind. 391; *Orr* v. *Owens*, 123 Ind. 229; *Hawley* v. *Zigerly*, 135 Ind. 248.

In many of these cases it is said of the statute: "It

applies to void sales. If it did not, it would be a dead letter, for, if sales are not void, the purchaser needs no statute of limitations to protect his title." If, upon the appellant's theory, the appellee, after fifteen years of uninterrupted adverse possession under claim and color of title, could not maintain his title acquired through the ten years statute cited, but must succumb to the title of the original owner or his grantee the latter statute would lose its force and it would be an error to suppose that title by adverse possession, and an affirmative limitation is of any force. Appellee's action was not to correct the mistake in the sale, and did not relate to a time when the sale was made, except to establish its own title, but it was to silence the unfounded claim of the appellant which had arisen and had been asserted within less than a year before this suit was instituted.

There is no merit whatever in the appellant's position, and the judgment of the lower court is affirmed.