## MILLER *v.* WHITE ET AL.

[No. 3,904.   Filed February 18, 1902.]

TRIAL.—*Conclusions of Law.*—*Exceptions.*—An exception to the conclusions of law admits that the facts have been fully and correctly found. \*p. 372.*

BOUNDARIES.—*Appeal from Survey.*—The only power given the trial court in an appeal from a survey under § 8030 Burns 1901 was to order a re-survey.   (But see § 8030a Burns 1901.)   *p. 372.*

SAME.—*Survey Prima Facie Evidence.*—An official survey is *prima facie* evidence in favor of the corners so established, and the lines so run, and nothing more.   *pp. 372-374.*

From Montgomery Circuit Court; *Jere West*, Judge.

Action between Elizabeth Miller and George W. White and others on appeal from a survey. From a judgment confirming the survey, Elizabeth Miller appeals. *Affirmed.*

*G. W. Paul*, for appellant.
*B. Crane* and *A. B. Anderson*, for appellees.

HENLEY, J.—The judgment from which this appeal was taken was rendered in the Montgomery Circuit Court upon an appeal from a survey made by Harvey Wynkoop, county surveyor of Montgomery county. The trial court made a special finding of facts and stated its conclusions of law thereon.

The error assigned by appellant is that the court erred in its conclusions of law. Appellees, Dennis B. and John L. Simerson, have assigned as cross-errors that the trial court erred in its second, fifth, and sixth conclusions of law. An exception to the conclusions of law admits that the facts have been fully and correctly found. *Blair* v. *Curry*, 150 Ind. 99, and cases cited.

The only question properly before the trial court under the issue was whether or not the survey made by Wynkoop was correct. In case the survey was found to be wrong, the only power given the trial court under the statute (§8030 Burns 1901) was to order a re-survey and appoint a person to make it. *Cleveland* v. *Obenchain*, 89 Ind. 274.

The record does not show that any issue other than the correctness of the Wynkoop survey was tendered. We must treat a large part of the special finding as immaterial and beyond the issues presented by an appeal from a survey under the statute. The court found that the corners of section five, in which the land in controversy is situate as established by the survey of Wynkoop, were the true corners, and that the lines run by him are the true subdivisional lines of said section, and that said survey as to the corners and lines subdividing said section are true and correct. The judgment of the trial court was that the survey made by the said Wynkoop be confirmed. Now this controversy is between Elizabeth Miller and Dennis B. and John L. Simerson. The following plat, representing the southwest quarter of section five, will show more clearly the nature of it.

Miller *v.* White.

Elizabeth Miller owns the south half, and the Simersons own the north half of the southwest quarter of section five. The line dividing the south half from the north half of said quarter was properly run, and the corners of said quarter and half quarters were correctly established. The controversy is not that the surveyor has improperly and incorrectly run the half quarter line, dividing said southwest quarter, east and west, but that a certain fence placed on what the owners supposed was the division line was the recognized dividing line between the holdings of these litigants. It may be that the fence is the appellant's line of property, but that does not affect the correctness of the survey. If the fence is the correct property line, it is not made so, either on account of or by the absence of the survey, but by prescription or agreement. The survey could not make or lose appellant any land. It is only a species of evidence useful in an action to determine title. In *Spacy* v. *Evans*, 152 Ind. 431, the Supreme Court, by Dowling, J., said: "The owner of land who causes a survey to be made agreeably to the provisions of the statute, or who consents to a survey, loses none of his rights by such proceeding or consent. The fact that he has caused a survey to be made, or has consented to one, does not estop him from claiming

title to his land notwithstanding such survey remains unappealed from. By such survey he is deprived of no right of action or defense arising from possession, or any other source of title. An official survey is, as the statute declares, *prima facie* evidence in favor of the corners so established, and the lines so run, and nothing more. Its legal effect is merely to furnish one species of evidence which may or may not be material, in the determination of a question of title, and which may be entirely controlled and overcome by evidence of another kind, such as proof of adverse possession under claim of title for twenty years, a valid agreement with the adjoining owner for a different line, and the like."

The record shows that the only judgment rendered by the court was that the Wynkoop survey was correct, and in this there was no error; there is no error for which the judgment will be reversed.

Judgment affirmed.