## McCurdy v. Rich et al.

[No. 10,976. Filed October 13, 1921.]

1. ADVERSE POSSESSION.—*Requisites.—Color of Title.*—In the absence of a statutory requirement, it is not essential to the acquisition of title by adverse possession that entry should be under color of title, it being sufficient to set the statute of limitations in operation that claimant enter and take possession with the intention of holding the lands as his own to the exclusion of all others. p. 471.

2. ADVERSE POSSESSION.—*Entry without Color of Title.—Extent of Possession.*—The rights of those who enter upon lands without color of title will be confined to that portion which was subjected to their actual possession, and in such cases there can be no constructive possession. p. 472.

3. APPEAL.—*Review.—Weighing Evidence.*—In a suit to quiet title by reason of adverse possession, where the nature and character of plaintiff's prior possession was an issue, the court on appeal will not weigh the evidence. p. 472.

From Noble Circuit Court; *Luke H. Wrigley,* Judge.

Action by Nora McCurdy against A. J. Rich and another, in which the named defendant filed a cross-complaint. From a judgment for cross-complainant, the plaintiff appeals. *Affirmed.*

*P. A. Redmond* and *R. S. Emerick,* for appellant.
*Fred L. Bodenhafer,* for appellees.

REMY, J.—Suit by appellant against appellees to quiet title to certain real estate. Appellees filed answer in denial, and appellee Ai J. Rich filed cross-complaint to quiet his title to the real estate in controversy. Trial resulted in a finding and decree in favor of cross-complainant.

The only error assigned is the action of the court in

overruling the motion for a new trial, and the only reason for a new trial which is presented for our consideration is the sufficiency of the evidence to sustain the decision.

On March 24, 1875, Jacob Shons, being the owner of a certain quarter section of real estate, conveyed the east half thereof to George Perry. On June 1, 1918, Perry conveyed the said east half to appellee Ai J. Rich. The title of the west half remained in Jacob Shons until his death. After his death, and on October 28, 1909, the heirs of Jacob Shons conveyed the west half to appellant.

This litigation involves the title to a strip of land comprising three and a fraction acres off of the west side of the east half of the quarter section which was conveyed by Jacob Shons to George Perry on March 24, 1875. It appears from the evidence that at the time Jacob Shons conveyed to Perry the east half of the quarter section no survey was made, that the line dividing the east and west halves of the quarter section was not established by survey until shortly before the commencement of this suit, and that the only fence which in any way has ever separated any part of the tract sold to Perry, and which is now owned by appellee Ai J. Rich, from the remainder of the quarter section retained by Jacob Shons, is a rail fence built by Jacob Shons before he made the conveyance to Perry, and was therefore not built as a partition fence. This fence was located between one and two rods east of the line dividing the east and west halves of the quarter section, and extended north from the south line of the quarter section a distance of only forty-six rods. The fence was so located because that was the border line between the high and the low lands. Perry, after the east half of the quarter section was conveyed to him, rebuilt the fence at his own expense. Neither Jacob Shons nor any

one else was requested by Perry to join in the construction. From the north end of this fence on to the north line of the quarter section, a distance of 114 rods, there has never been a fence of any kind. Northward from the north end of the fence for a distance of about forty rods there is, and always has been, a swamp which has never been enclosed or made use of by the owners thereof. North of the swamp the land had been cleared, and some of it was under cultivation for a period of seventeen or eighteen years prior to the commencement of this suit. The line to which appellant cultivated the land north of the swamp was shown by plow ridges. Appellant had plowed over a little farther from time to time, and the last plow ridge, which was made in 1918, was in line with the rail fence. South of the swamp the strip of land was never cultivated up to the fence.

It is conceded by appellant that the strip of land in controversy is a part of the east half of the quarter section, and is not described or included in her deed which calls for the "west half." Appellant does not claim that entry upon the strip of land was under color of title, but claims title solely on the ground that for more than twenty years immediately prior to the commencement of this suit she and her immediate and remote grantors, under claim of ownership, were in actual, visible, notorious, exclusive, hostile and continuous possession.

In the absence of a statutory requirement to that effect, it is not essential to the acquisition of title by adverse possession that the entry should be under
1. color of title. All that is necessary to set the statute of limitations in operation is that the claimant enter and take possession with the intention of holding the lands as his own, to the exclusion of all others. *Roots* v. *Beck* (1887), 109 Ind. 472, 9 N. E.

698; *Crowder* v. *Doe* (1909), 162 Ala. 151, 50 South. 230, 136 Am. St. 17; 2 C. J. 172. The absence of color of title does, however, affect the extent of possession. The rights of those who enter upon lands without color of title will be confined to that portion which was subjected to their actual possession. In such cases there can be no constructive possession. *McBeth* v. *Wetnight* (1914), 57 Ind. App. 47, 106 N. E. 407; *Jeffersonville, etc., R. Co.* v. *Oyler* (1878), 60 Ind. 383, 125 Am. St. 302, note; 1 R. C. L. 726. In a suit to quiet title by reason of adverse possession for the statutory period, where the nature and character of the plaintiff's prior possession was an issue, this court, on appeal, will not weigh the evidence. *McBeth* v. *Wetnight, supra; Wilson* v. *Johnson* (1894), 145 Ind. 40, 45, 38 N. E. 38, 43 N. E. 930.

The decision is sustained by the evidence.

Affirmed.