## SWANSON ET AL. *v.* NEW YORK CENTRAL RAILROAD COMPANY.

[No. 11,972.   Filed November 5, 1925.]

1. ADVERSE POSSESSION.—*Requisite adverse possession for twenty years confers complete title.*—Open, notorious, exclusive, uninterrupted and adverse possession of land for period of twenty years is effectual to confer a complete title on the person so occupying it, and it is not essential that such possession should have been under color of title.   p. 582.

2. ADVERSE POSSESSION.—*"Adverse possession" defined.*—"Adverse possession" consists in the actual, open, notorious, exclusive and continuous possession of lands under a claim of right.   p. 582.

3. ADVERSE POSSESSION.—*Possession of real estate for twenty years apparently as owner, unexplained, raises presumption that it was adverse, but it may be rebutted by proof that the*

*original possession was permissive.*—Where one is shown to have been in possession of land for the period of limitation apparently as owner, and such possession is not explained or otherwise accounted for, it will be presumed to have been adverse, but the presumption may be rebutted by proof that the possession, in its origin, was merely permissive.  p. 582.

4.  ADVERSE POSSESSION.—*Constructive possession, with color of title, may constitute adverse possession, but not in the absence of color of title.*—Constructive possession, with color of title, may be sufficient to constitute adverse possession, but such possession is not sufficient in the absence of color of title. p. 583.

5.  ADVERSE POSSESSION.—*Payment of taxes from time to time by holder of legal title would not defeat claim of title by adverse possession.*—That the owner of the legal title to land paid taxes thereon from time to time would not prevent the running of the statute of limitations so as to defeat a title by, adverse possession.  p. 584.

From Porter Circuit Court; *H. H. Loring,* Judge.

Action by the New York Central Railroad Company against Charles Swanson and others to quiet title. From judgment for plaintiff, the defendants appeal. *Reversed.*  By the court in banc.

*Daniel E. Kelly, Oliver M. Loomis* and *Owen S. Boling,* for appellants.

*John A. Gavit* and *Bernard C. Gavit,* for appellee.

NICHOLS, P. J.—This is an appeal from a judgment rendered against appellants in an action to quiet title to certain real estate described in the amended complaint and cross-complaint, appellee basing its right of action upon the record title, and appellants, as cross-complainants, upon adverse possession.

Appellee's amended complaint in one paragraph was answered by a general denial.  Appellants' cross-complaint in one paragraph asserting title by adverse possession, by a general denial.

The cause was submitted to the court for trial resulting in a general finding and judgment in favor of appellee and against the appellants.  Appellants' motion

for new trial was overruled. This ruling of the court is assigned as the only error.

At the trial, it was stipulated and agreed that, while appellee had the record title, the question to be litigated in the trial of the cause was to be whether or not the possession of appellants had been of such a nature as to ripen into title to the real estate described in appellants. It appears by the undisputed evidence that Charles Swanson, the father of appellants, built a fence around the tract involved in 1873, in the exact location where the fence is now. He maintained the fence continuously thereafter. The land was first used for pasture, but afterward he grubbed and cleared it and farmed it. Corn, wheat, millet and potatoes were raised on it. The land, or a part of it, did not produce very good crops and was used more for pasture for horses and cattle. Swanson ditched the land, repaired the fence from time to time and farmed it every year after 1873, until his death in 1906, after which time, it has been occupied adversely by appellants.

Under these undisputed facts, the rule that must control is thus stated in *Roots* v. *Beck* (1887), 109 Ind. 472, 9 N. E. 698: "An open, notorious, exclusive, uninterrupted, and adverse possession, continued for the period of twenty years, is effectual to confer a complete title on the person so occupying, and it is not essential that such possession should have been under color of title." (Citing authorities.) This authority has been repeatedly cited by this court and the Supreme Court, always with approval.

The rule is thus stated in *Craven* v. *Craven* (1913), 181 Ind. 553, 557, 103 N. E. 333: "It is well settled by the decisions of this and the Appellate Court that an occupant, who by mistake or by intention takes actual, visible and exclusive possession of another's land and holds the same for twenty years as

his own, acquires a title in fee simple. (Citing authorities.) Adverse possession consists in the actual, open, notorious, exclusive and continuous possession of lands under a claim of right. \* \* \* To prove a 'claim of right' oral declarations are not necessary. It may be inferred from the manner of occupancy and positive acts of ownership, inconsistent with the ownership of the true owner, and from erecting, repairing, occupying or leasing buildings thereon. (Citing authorities.) Where one is shown to have been in possession of land for a period of limitation apparently as owner, and such possession is not explained or otherwise accounted for, it will be presumed to have been adverse; but the presumption may be rebutted by proof that the possession, in its origin, was not adverse, but permissive. (Citing authorities.) An entry upon land with the intention of asserting ownership, and possession thereof, exercising the usual acts of ownership, under such claim, without asking permission, and in disregard to all other claims is sufficient to make the possession adverse. Such possession continued uninterruptedly for twenty years or more will establish title to the extent that the possession is actual and exclusive." To the same effect, see *Abel* v. *Love* (1924), 81 Ind. App. 328, 143 N. E. 515.

Appellee relies upon *Philbin* v. *Carr* (1920), 75 Ind. App. 560, 129 N. E. 19, but in that case, without color of title, there was no actual possession such as here. The court was discussing only a claim of constructive possession, without color of title, and it is thus readily distinguished from this case and the cases cited above, where there was actual possession. Where there is color of title, constructive possession may suffice, but not so where there is no color of title. *Worthley* v. *Burbanks* (1897), 146 Ind. 534, 45 N. E. 779.

The fact that appellee had paid the taxes from time to time on the eighty-acre tract of which the land in controversy was a part is not such a challenge of 5. appellants' title under the circumstances of this case as to prevent the running of the statute of limitations.

Judgment reversed, with instructions to grant a new trial.